# Allan E. Richardson, LLC

915 Haddon Ave.
Collingswood, NJ 08108
Tel: 856-858-3330, Fax: 856-858-3343
Arichardson@employmentlaw-nj.com
Attorneys for Plaintiff Michael Rubba

| | |
|---|---|
| MICHAEL RUBBA<br>          Plaintiff<br><br>v.<br><br>OCEAN CABLE, INC., ROBERT<br>MILLS, XYZ CORPORATIONS 1-10<br>AND JOHN DOES 1-10<br>          Defendants | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>CAMDEN VICINAGE<br>CIVIL NO.<br><br>          Civil Action<br><br>COMPLAINT<br>Jury Trial Demanded |

Plaintiff Michael R. Rubba III complains as follows:

**Jurisdiction and Venue**

1.     Plaintiff Michael R. Rubba III complains that Defendant Ocean Cable Group has unlawfully denied him overtime compensation. He brings this matter pursuant to the federal Fair Labor Standards Act, 29 U.S.C.A. 201, *et seq.*, and its implementing regulations 29 C.F.R. 500, *et seq.* He also brings this matter under the auspices of the New Jersey Wage and Hour Act, 34:11-56(a).

2.     This court has jurisdiction over this cause of action pursuant to 29 U.S.C.A. 216(b) and 28 U.S.C.A. 1331. This court has jurisdiction over the state cause of action pursuant to 28 U.S.C.A. 1367.

3.     Venue is proper in this court pursuant to 28 U.S.C.A. 1391(b)

**Parties**

4.     Plaintiff Michael Rubba resides at 6151 Mill Road, Egg Harbor Twp., NJ 08234,

1

and was an employee of defendant during the times relevant to this complaint.

5. Defendant Ocean Cable Group, Inc., (Ocean) is a New Jersey corporation with its principal place of business at 112 Woodland Ave. #202, Somers Point, NJ 08244, and was the employer of plaintiff during the times relevant to this complaint.

6. Defendant Robert Mills (Mills) is the president of Defendant Ocean Cable Group, Inc., and had the authority to set compensation policies for the defendant corporation.

7. XYZ Corporations 1-10 are fictitious names for defendants not yet identified who participated in, directed, or acquiesced to the unlawful conduct of the named defendants.

8. John Does 1-10 are fictitious names for defendants not yet identified who participated in, directed, or acquiesced to the unlawful conduct of the named defendants..

**Factual Background**

9. During the times relevant to this complaint, Defendant Ocean Cable Group, Inc., had a contract with Comcast, Inc., to provide installation services to Comcast clients at their homes or places of business.

10. Defendant Ocean employed plaintiff as an installation technician from March 5, 2005, to June 12, 2007, with a three-month gap at the end of 2005.

11. Defendant Ocean compensated plaintiff via piece rate according to a schedule of rates set by the defendant Mills.

12. Defendant Ocean required plaintiff and other employees similarly situated to

**Allan E. Richardson, LLC**

2

arrive at the corporation's principal place of business at 7 a.m. each day.

13. Defendant Ocean required plaintiff and other employees similarly situated to remain at the corporation's principal place of business unless and until the corporation assigned work to them.

14. During this time between arrival and assignment, plaintiff and other employees similarly situated were not free to pursue their own activities.

15. The defendant Ocean did not compensate plaintiff and other employees similarly situated for time waiting on the company's behalf.

16. Defendant Ocean required plaintiff and other similarly situated to drive from one work assignment to the other during the course of the work day.

17. The defendant Ocean did not compensate plaintiff and other employees similarly situated for time spent driving on the company's behalf.

18. Defendant Ocean set no end time for the work day; instead, the plaintiff's work day ended when he finished the last assignment.

19. The work day of plaintiff and others similarly situated was routinely longer than eight hours.

20. The work week of plaintiff and others similarly situated was routinely longer than 40 hours.

21. At all times relevant, the defendant Ocean knew that plaintiff and other employees similarly situated were working days longer than eight hours and weeks longer than 40.

**Allan E.
Richardson,
LLC**

22. Despite actual knowledge of its responsibilities under the Fair Labor Standards

3

Act and the New Jersey Wage and Hours Act, defendant Ocean intentionally
failed to fully compensate plaintiff and other employees similarly situated for
work in excess of eight hours per day or 40 hours per week.

23.    At all times relevant, the defendant Mills knew that plaintiff and other employees
similarly situated were working days longer than eight hours and weeks longer
than 40.

24.    Despite actual knowledge of its responsibilities under the Fair Labor Standards
Act and the New Jersey Wage and Hours Act, defendant Mills intentionally failed
to fully compensate plaintiff and other employees similarly situated for work in
excess of eight hours per day or 40 hours per week.

25.    At all times relevant, the defendant XYZ Corporations 1-10 knew that plaintiff
and other employees similarly situated were working days longer than eight hours
and weeks longer than 40.

26.    Despite actual knowledge of its responsibilities under the Fair Labor Standards
Act and the New Jersey Wage and Hours Act, defendant XYZ Corporations 1-10
intentionally failed to fully compensate plaintiff and other employees similarly
situated for work in excess of eight hours per day or 40 hours per week.

27.    At all times relevant, the defendant John Does 1-10 knew that plaintiff and other
employees similarly situated were working days longer than eight hours and
weeks longer than 40.

28.    Despite actual knowledge of its responsibilities under the Fair Labor Standards
Act and the New Jersey Wage and Hours Act, defendant John Does 1-10

**Allan E.
Richardson,
LLC**

4

intentionally failed to fully compensate plaintiff and other employees similarly situated for work in excess of eight hours per day or 40 hours per week.

29.  The precise amount of compensation due plaintiff and other employees similarly situated is unknown because the information required to determine this amount is under the exclusive control of defendant.

30.  Prior to his termination, plaintiff lodged a complaint with the New Jersey Department of Labor and Workforce Development, Division of Wage and Hours (division).

31.  Pursuant to the direction of the division, plaintiff sought documentation for his complaint that defendant Ocean had failed to lawfully compensate him.

32.  Upon learning of plaintiff's complaint, and in retaliation for the complaint, defendant Mills, acting on behalf of defendant Ocean, terminated plaintiff.

33.  Defendant Mills acknowledged, on two separate occasions, that he had knowledge of plaintiff's complaint to the division prior to terminating him in taped testimony before a New Jersey Unemployment Compensation hearing examiner.

WHEREFORE, plaintiff demands judgment against defendants as follows:

a.  Compensatory damages.

b.  Liquidated damages pursuant to 29 U.S.C.A. 216.

c.  Punitive damages pursuant to 29 U.S.C.A. 216.

d.  Counsel fees and costs pursuant to 29 U.S.C.A. 216.

e.  Civil penalties pursuant to 29 U.S.C.A. 216.

f.  Prejudgment interest.

**Allan E. Richardson, LLC**

5

g.      Such other and further relief as the Court deems proper.

**Count 1**

34.   Plaintiff incorporates all of the preceding allegations as if they were fully set forth at length herein.

35.   At all relevant times, defendant Ocean was an employer as defined by 29 U.S.C.A. 203(d).

36.   At all relevant times, plaintiff was an employee as defined by 29 U.S.C.A. 203(e)(1).

37.   At all relevant times, defendant Ocean's activities were performed for a business purpose as an enterprise as defined by 29 U.S.C. 203(r).

38.   At all relevant times, defendant Mills' activities were performed for a business purpose on behalf of defendant Ocean.

39.   At all relevant times, defendant Ocean was an enterprise as defined in 29 U.S.C.A. 203(s) and conducted business in a gross volume in excess of $500,000 per year.

40.   At all relevant times, defendants Ocean and Mills employed plaintiff and other employees similarly situated in furtherance of its commercial activities.

41.   At all relevant times, defendants Ocean and Mills continuously and willfully violated provisions of 29 U.S.C.A. 207(a) and (g)

42.   At all relevant times, defendants Ocean and Mills continuously and willfully violated provisions of 29 U.S.C.A. 206.

43.   Defendant Mill's termination of plaintiff was in retaliation for his complaint to the

division and was in violation of 29 U.S.C.A. 215(a)(3).

WHEREFORE, plaintiff demands judgment against defendants as follows:

    a.      Compensatory damages.

    b.      Liquidated damages pursuant to 29 U.S.C.A. 216.

    c.      Punitive damages pursuant to 29 U.S.C.A. 216.

    d.      Counsel fees and costs pursuant to 29 U.S.C.A. 216.

    e.      Civil penalties pursuant to 29 U.S.C.A. 216.

    f.      Prejudgment interest.

    g.      Such other and further relief as the Court deems proper..

**Count 2**

44.    Plaintiff incorporates all of the preceding allegations as if they were fully set forth at length herein.

45.    Defendant Ocean's failure to pay plaintiff and other employees similarly situated compensation as set forth by law constitute a violation of N.J.S.A. 34:11-56, *et seq*.

WHEREFORE, plaintiff demands judgment against defendants as follows:

    a.      Compensatory and punitive damages.

    b.      Such other and further relief as the Court deems proper, together with interest, counsel fees and costs of suit.

**Notice of Intent to Seek Approval to Amend Complaint**

**to Include Other Plaintiffs in Collective Action**

Pursuant to Hoffman-Laroche v. Sperling, 493 U.S. 165 (1989) and 29 U.S.C.A. 216,

**Allan E.
Richardson,
LLC**

7

plaintiff seeks approval of the court to send a Notice and Consent form to all individuals defendant employed as installers or in a similar capacity from February 12, 2004, to the present. The notice shall inform each individual of this lawsuit and his or her right to file a written consent to join the lawsuit as a plaintiff.

### Jury Demand

Pursuant to F.R.Cv.P. 38, Plaintiff demands a trial by jury as to all issues and controversies.

### Certification of No Other Action

1       The matter in controversy is not the subject matter of any other action pending in any court or of a pending arbitration proceeding.

2       Another action or arbitration proceeding is not contemplated.

3       No other person or entity should be a named defendant.

Allan E. Richardson, LLC
Attorneys for plaintiff

*/s/ Allan E. Richardson, Esq.*

_____
By: Allan E. Richardson
Dated: February 11, 2008

**Allan E.
Richardson,
LLC**

8